**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CHAD WEIDNER, and individual,
KAROLIEN WALRAVENS,**

**Plaintiff,**

**v.**

**RUSTY CARROLL, an individual,
R2C2, INCORPORATED, a corporation,**                    **No.06-CV-782-DRH**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

On November 25, 2008, the Court held a status conference regarding the submissions filed by the parties per the Court's Order of May 7, 2008. After considering the arguments on both sides, as well as taking into account the history of this litigation, well documented in the record, and taking into account the last hearing, the Court orders the Defendants to comply as follows. The Court orders the Defendants to pay the $6,847.96 in sanctions as ordered by the Magistrate Judge pursuant to **Federal Rule of Civil Procedure 37(b)** on September 14, 2007 (Doc. 50). Further, the Court orders the Defendants to comply with all of the Magistrate Judge's orders regarding discovery in this case.

The Defendants have up to and until December 5, 2008 to comply with this order. If the Defendants refuse to comply with this order by December 5, 2008, then the Defendants will be held in contempt and an arrest warrant will be used for Defendant Carroll and he will be incarcerated until such time as he complies with

the Court's order. Further, if the Defendants do not comply, their computers will be seized and Plaintiffs' forensic collection specialist with be granted access to Defendants' computers. However, even if Defendants do comply with the discovery requests, they are also ordered to grant access to Plaintiffs' forensic collection specialist for the purpose of auditing Defendant's compliance with the discovery request. This due to the Court's utter lack of trust in the Defendants forthrightness in complying with the Court's orders even if it is represented that compliance has been full.

Due to the Defendants long standing failure to comply with the Court's orders in this case and the delay caused thereby, as well as the enormous resources in time devoted unnecessarily to this matter due to the Defendants bad faith, the Court orders that the Defendants will have to bear the costs of Plaintiffs' forensic collection specialists pursuant to either scenario outlined heretofore.

On the request of the Plaintiffs for an immediate injunction to prohibit the further operation of Defendants business in light of the Courts order in default against the Defendants, the Court defers. The Court instead directs the Plaintiffs to marshal their evidence from that which they glean from Defendants' computer and present same to the Court with a proposed order for the Court's consideration.

**IT IS SO ORDERED.**  Signed this 25th day of November, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**