IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAD WEIDNER, an individual,
KAROLIEN WALRAVENS, an individual,

**Plaintiff,**

**v.**

RUSTY CARROLL, an individual,
R2C2, INC., a corporation,

**Defendant.**                                             No. 06-782-DRH

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Before the Court is Plaintiffs' motion and memorandum in support of their motion for permanent injunction (Doc. 90). Defendants Rusty Carroll and R2C2, Inc. filed a response to Plaintiffs' motion (Doc. 103). Plaintiffs subsequently filed a reply (Doc. 104). On January 12, 2010, the Court held a hearing in the matter. The Court took the matter under advisement. Having considered the arguments of both parties, the Court **GRANTS** Plaintiffs' motion for permanent injunction (Doc. 104).

## II. Background

Plaintiffs originally filed this class action Complaint against Defendants on October 12, 2006 (Doc. 2). Plaintiffs alleged that Defendants operated term paper websites which specifically sold named Plaintiffs published papers on the website without their permission (Doc. 2 ¶¶ 36-38). Although Defendants did not have

permission to publish those papers, or any of the class' papers for sell, Defendants' websites contained statements that Defendants held the right to such papers (*Id*. at ¶¶ 42-44). The websites also allege that they have permission from the authors of the papers as the authors have submitted the papers to the sites for publication (*Id*. at ¶ 46).

Throughout the course of this litigation, Defendants have continued to avoid discovery and have blatantly ignored this Court's Orders. Defendants have failed on numerous occasions to turn over documents as ordered by the Court and participate fully in discovery. Defendants were warned on numerous occasions that such disregard for the Court's Orders would result in sanctions. After repeated refusals on the Defendants' part to respond to the Court's Orders and discovery requests, Magistrate Judge Frazier issued a Report and Recommendation, recommending that default judgment be entered for Plaintiffs and against the Defendants due to the fact that Defendants had been "woefully deficient" in complying with discovery and that their failure to comply was willful and in bad faith (Doc. 57). On March 31, 2008, this Court adopted the R&R over the objections of the Defendants and granted Plaintiff's class certification (Doc. 63). Plaintiffs were then ordered to brief class notice as well as to the issue of injunctive relief.

After parties submitted their briefings and respective responses (Docs. 66 & 68) the parties appeared for a status conference on November 25, 2008, at which time the Court learned that Defendants had failed to comply with any of the past discovery Orders as well as refused to pay $6,847.96 previously ordered in

sanctions (Doc. 78). The Court warned Defendants that failure to comply with these Orders would find Defendant Carroll in contempt and jailed until he complied. Defendants were given until December 19, 2008 in which to respond to the Court's previous Orders. Plaintiffs also requested that the Court enter an injunction against Defendants, shutting down Defendants' websites, but the Court instead took the request under advisement and advised Plaintiffs to submit a brief and proposed order on the issue of injunctive relief once Defendants had produced all of the required discovery documents and Plaintiffs had a chance to review them.

On August 27, 2009, Plaintiffs filed the instant motion for permanent injunction (Doc. 90) requesting that the Court enjoin Defendants from operating any Internet sites selling papers, except that Defendants could sell papers if Defendants could prove through sworn evidence from the author of the paper that he was the creator of that work and that Defendants had permission to sell his work (Doc. 90).

### III. Analysis

The Copyright Act allows a Court to enter injunctive relief when it deems it reasonable to prevent future copyright infringement. **17 U.S.C. § 502(a)**. Before a permanent injunction is issued, a plaintiff is required to satisfy a four-part test. The four-part test requires the plaintiff to show:

> (1) that it has suffered irreparable injury, (2) that remedies at law, such as money damages, are inadequate to compensate for that injury, (3) that, considering a balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) that the public interest would not be disserved by a permanent injunction.

***Ebay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 1839 (2006);** *see also Sierra Club v. Franklin County Power of Illinois, L.L.C.*, 546 F.3d 918, 935 (7th Cir. 2008); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).** While the burden is usually on the Plaintiff to prove that damages are an inadequate remedy, there is a presumption in copyright cases that copyright infringement constitutes irreparable injury. ***Atari, Inc. v. Phillips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982)**.

In this case, Plaintiffs have met all the requirements for a permanent injunction. Plaintiffs have suffered irreparable harm and have demonstrated that they have no adequate remedy at law. As Plaintiffs have accurately pointed out they have suffered a harm as demonstrated by the entering of default judgment in their favor and continue to suffer harm as Defendants continue to operate their websites. Further, Defendants' complete failure to participate in this case accompanied with their continuing to operate their various websites demonstrates that the copyright infringement will continue absent an injunction prohibiting such behavior. ***See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 844 (S.D.Ill 2006) (permanent injunctions usually granted in cases where continued infringement is likely)**. While Defendants argue that Plaintiffs have an adequate remedy at law in the form of money damages, they have completely failed to refute Plaintiffs' claims that money damages are inadequate. Defendants readily admit that their gross profit is $0.26 per article featured on their website, yet they argue, albeit without any

support, that money damages are adequate in this case. However, when given several opportunities to defend their position that there were adequate remedies at law available even though Defendants only receive less than $0.26 per paper in net profits, Defendants were both unable and unwilling to provide an adequate argument for their position. Defendants are unable to provide an adequate argument, because there simply is not one. It is clear that with a net profit of less than $0.26 per paper, money damages would be inadequate to compensate Plaintiffs for the value of their artistic work. **See *Jefferson v. Johnson Pub., Inc.*, 1992 WL 318615, at \* 2 (N.D. Ill 1992) (damages unlikely to cure damage to artistic reputation, while loss of control of work merited a finding of irreparable harm) (citing *International Kennel Club v. Mighty Star, Inc.*, 846 F.2d 1079, 1091 (7th Cir. 1988) (loss of artistic control and reputation merits irreparable harm in trademark infringement cases))**.

Moreover, considering the balance of hardships, an equitable remedy is warranted. Plaintiffs continue to suffer harm from the continued infringement on their intellectual work as well as in their lack of ability to control the distribution of their work. However, the only harm to Defendants will be in the ceasing of the improper portion of their business as Plaintiffs' proposed injunction only affects that portion of Defendants' business that is improper. Defendants would still be able to sell term papers as long as they have written permission from the individual authors. Further, a permanent injunction would serve the public interest as an injunction

would protect the intellectual works of the authors.

Defendants moreover object to the scope of Plaintiffs' proposed permanent injunction. Injunctive relief is to be tailored to the scope of the violation. *See Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S.9, 23, 126 S.Ct. 1264 (2006). Districts Courts have an independent obligation to make sure that injunctions meet the requirements of FED.R.CIV.P. 65(d) which require that injunctions be specific in term and "describe in reasonable detail...the act...restrained or required." *See Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 632 (7th Cir. 2003); FED.R.CIV.P. 65(d).

Defendants have argued for several alternative methods of preventing infringing materials from being posted on the various websites. Defendants first offer to provide a "click through" agreement on its sites where users can certify that their work is their own. Defendants have also promised that they would remove any documents on their site immediately upon request from any author complaining that their work has been improperly placed on the site. However, Defendants' suggested remedies would not adequately protect Plaintiffs from having their work infringed upon as it would require the authors to become members of the sites in order to locate their papers. The majority of the authors are not members of the sites and might not know that their work is being infringe upon. Further, a "click through" agreement would allow anyone to post a paper on Defendants' sites without requiring

clear authorization that the person uploading the paper is in fact the author of the work.  In the alternative, Defendants propose subscribing to a program offered through public search engines which would allow Defendants to search for portions of the text in the papers in order to determine if the papers have already been placed in the public domain.  This suggestion is also inadequate.  Instead, the Court finds that Plaintiffs' proposed injunctive relief adequately addresses the harm caused to Plaintiffs while also properly limiting the scope of the injunction, allowing Defendants to continue to operate the legitimate, legal portion of their sites.

Accordingly, the Court **GRANTS** Plaintiffs' motion for permanent injunction (Doc. 90) and Defendants Rusty Carroll and R2C2, Inc., are hereby enjoined as follows:

1. Defendants, their successors, predecessors, agents, servants, employees, contractors, and each person acting in concert and participation with Defendants are prohibited and permanently enjoined from operating any Internet websites selling term papers, essays or other works of authorship, except insofar as Defendants may sell term papers if, with respect to each term paper offered for sale, Defendants can prove with sworn documentary evidence from the author of the paper, that he or she is in fact the creator of that work and that Defendants have permission to sell that work;

2. Documentary evidence shall be in the form of written authorization

    from the authors which Defendants shall attach to each paper offered for sale on their website, including those papers currently offered for sale as well as any past works submitted to the site; and

3. Within thirty (30) days of this Order, Defendants shall file with the Court and serve upon Plaintiffs' counsel a sworn affidavit detailing the manner in Defendants have complied with this Order.

4. Thereafter, through February 29, 2012, the Defendants shall file with the Court and serve upon Plaintiffs' counsel like documentation every 3 months. Although, the reporting period ends at that time, the substantive requirements of acquiring permission of authors and attaching confirmatory attestations shall never expire.

5. The Court shall retain jurisdiction of this case for purposes of enforcement of this order. Defendants' failure to comply with this order may subject the Defendants to the inherent powers of the Court for purposes of such enforcement, including, but not limited to, contempt powers.

**IT IS SO ORDERED.**

Signed this 21st day of January, 2010.

/s/ David R Herndon
**Chief Judge
United States District Court**