### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHAD WIEDNER, an individual,**
**KAROLIEN WALRAVENS, an individual,**
**Plaintiff,**

**v.**

**RUSTY CARROLL, an individual,**
**R2C2, INC., a corporation,**                                    **No. 06-782-DRH**

**Defendant.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I.  Introduction

Before the Court is Defendants' Motion to Vacate Default (Doc. 118). Plaintiffs originally filed this class action Complaint against Defendants on October 12, 2006 (Doc. 2).  Plaintiffs alleged that Defendants operated term paper websites which specifically sold named Plaintiffs published papers on the website without their permission (Doc. 2 ¶¶ 36-38).   Throughout the course of the litigation, Defendants failed on numerous occasions to turn over documents as ordered by the Court and participate fully in discovery.  Defendants were warned on numerous occasions that such disregard for the Court's Orders would result in sanctions. Due to the numerous failures on the part of the Defendants, on September 14, 2007 Magistrate Judge Frazier conducted a Discovery Conference and assessed a sanction of $6,847.96, reflecting the costs incurred by Plaintiff's counsel for attendance at an August 10, 2007 Show Cause hearing and as an initial payment of attorney's fees

incurred (Doc. 50). On October 26, 2007, Judge Frazier issued a Report and Recommendation recommending that default be entered against Defendants as a sanction for Defendants' repeated failure to comply with the Court's orders (Doc. 57). On March 31, 2007, the Court adopted Judge Frazier's Report and Recommendation entering default judgment on liability as a sanction and granting class certification (Doc. 63). The parties were ordered to submit briefing on class notification.

On November 25, 2008, the Court held a status conference at which time the Court learned that Defendants had failed to comply with any of the past discovery Orders as well as refused to pay $6,847.96 previously ordered in sanctions (Doc. 78). The Court ordered Defendants to comply with all discovery orders as well as pay the discovery sanction ordered on September 14, 2007 by December 5, 2008 (Doc. 79). Defendants were warned that if they did not comply, Defendant Carroll would be incarcerated until such time as he complied with the Court's orders. On December 5, 2008, Defendants filed a motion to alter judgment, arguing that Defendants had been presented with a choice of either paying the sanctioned fine or suffering a default judgment, but not both (Doc. 80). The Court rejected that argument stating that Defendants were given an unequivocal order to pay the sanction and that Defendants were not given the option of suffering a default instead of paying the sanction (Doc. 81). Defendants eventually paid the sum Ordered by the Court. On January 12, 2010, the Court held a hearing on a permanent injunction, which the Court later Ordered on January 21, 2010 (Docs. 115, 121). On January 19, 2010, Defendants filed the instant motion to vacate judgment. Specifically,

Defendants argued that the Court's order of November 25, 2010 was a contradiction to the Court's previous order imposing a default judgment as a sanction.  The Court, having considered the arguments set out in the motion, **DENIES** Defendant's motion to vacate default (Doc. 118).

## II.   <u>Analysis</u>

While technically Defendants label their motion as a motion to vacate default, Defendants have not brought their motion under the traditional Rule 55(c) and Rule 60(b) grounds for vacating a default judgment.  Instead, Defendants bring their motion under Rule 59(e) and Rule 60(b), arguing that the November 25, 2008 Order was a contradiction and unfair and requests that the Court either vacate the default judgment or order a refund of the sanctions paid by Defendants.  The Court finds that this argument is more properly construed as a motion to reconsider the Court's November 25, 2008 as it is brought under the traditional rules challenging the merits of a district court's order.

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)**.  Under these rulings, the date the motion was filed determined under what rule it would be analyzed.  ***See United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1992)**.  If the motion was served within 10 days of the

rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). *Id.* **(citations omitted)**.  Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies.  In short, motions are to be analyzed according to their terms.  When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant.  Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir. 2008) (citations omitted)**.

Here, Defendants filed their motion pursuant to both Rule 59(e) and Rule 60(b).  However, the Order at the heart of Defendants' motion was entered on November 25, 2008.  As such, Defendants motion was filed well outside of the ten day of rendition of judgment and is more properly considered as a motion pursuant to Rule 60(b).

Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Here, Defendants have not presented a "special circumstance" to justify the "extraordinary remedy" for which they are asking.  In fact, the Court has already analyzed and denied the very same argument Defendants make now.  As Plaintiffs accurately point out, Defendants previously raised the argument that they were given a choice between paying the sanction or accepting default judgment on liability in a previous motion, which this Court denied (Docs. 80 & 81).  Now, Defendants argue again that they should not be required to pay both the sanction as well as have a default judgment entered against them.  Defendants add nothing new to their previous argument, other than to say that the two sanctions together were "fundamentally unfair".  As the Court stated before, none of the Orders issued by Magistrate Judge Frazier gave the Defendants the option of paying the sanction or suffering default, nor do they suggest that Defendants did not have to pay the sanction beyond an entry of default.  The two orders were mutually exclusive

sanctions for the willful refusal to comply with the orders of this Court.  As noted several times by this Court, the Defendants have consistently failed to comply with the Court's Orders throughout this litigation.  They were warned on several occasions that they risked being sanctioned for their failures and yet they continued to disobey this Court.  Thus, the sanctions of this Court, including the entry of default judgment, were not fundamentally unfair, but rather a proper response to the Defendants' blatant disregard for this Court's Orders.  Accordingly, the Court **DENIES** Defendants' motion to vacate default (Doc. 118).

### III.  Conclusion

Therefore, the Court **DENIES** Defendants' motion to vacate default (Doc. 118).

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2010.


/s/  David R Herndon

**Chief Judge**
**United States District Court**