IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAD WEIDNER, et al.,

Plaintiffs,

v.

RUSTY CARROLL, et al.,

Defendants.                                                   No. 06-782-DRH

ORDER

**HERNDON, Chief Judge:**

Plaintiffs and Defendants have entered into a Settlement Agreement, dated July 29, 2010, which sets forth the terms and conditions of the class action settlement and fully resolves all claims and liabilities between the parties, and have submitted the Settlement Agreement for preliminary approval (Doc. 143). The Court conducted a hearing on August 19, 2010 to review the Settlement Agreement. The Court noted several potential deficiencies in the Agreement and Ordered the parties to remedy the issues and provide a revised Settlement Agreement for the Court's review. On September 8, 2010, the parties submitted their revised Settlement Agreement (Doc. 149). Having reviewed the Settlement Agreement and considered the oral and written presentations in support of preliminary settlement approval, the Court now **FINDS** and **ORDERS** as follows:

1. The Court has conducted a preliminary evaluation of the fairness, reasonableness, and adequacy of the proposed Settlement. The Court finds that, in light of the original purpose of the lawsuit, the financial

inability of the Defendants to pay a money judgment, and the extraordinary difficulty in identifying the members of the class, the Settlement appears to have no obvious deficiencies, and falls within the range of reasonableness meriting possible final approval.  The Court, therefore, **GRANTS** preliminary approval of the Settlement, subject to further consideration at the Fairness Hearing described below.

2. As part of the Settlement, Defendants have agreed to be permanently enjoined from operating any website that hosts works of authorship. Defendants also agreed to a judgment of $300,000, the execution of which is to be stayed subject to Defendants continued compliance with the permanent injunction.  Defendants agree to pay a $20,000 award to named Plaintiffs consisting of fees to cover class notification, attorney's fees, and an award of $5,000 to named Plaintiffs, to be paid over seven years.  Given Defendants' financial inability to pay a money judgment, the Court preliminary approves this Judgment subject to its final approval of the Settlement.

3. This Agreement replaces the permanent injunction previously Ordered by this Court (*See* Doc. 121).

4. In this Action, Plaintiffs allege that Defendants wilfully infringed Plaintiffs' copyright rights in their works of authorship, in violation of **17 U.S.C. §§ 106 et seq.**, by engaging in the following acts without obtaining authorization from Plaintiffs: (a) reproducing Plaintiffs' works

of authorship; (b) displaying copies of Plaintiffs' works of authorship on Defendants' Term Paper Websites; (c) distributing copies of Plaintiffs' works of authorship on Defendants' Term Paper Websites; and/or (d) preparing derivative works of Plaintiffs' works of authorship.

5. The Court previously certified Plaintiffs' Class as follows: "all persons or entities who are the owners of the materials offered to the public through Carroll's Term Paper Web except (a) Defendants; (b) those individuals or entities who both have the legal authority to grant the Defendants or Carroll's Term Paper Web Sites proper authorization to use their materials through Carroll's Term Paper Web Sites; and (c) Blue Macellari" (Doc. 63).  This is a non-opt out class.

6. Pursuant to **Rule 23(e)** of the **FEDERAL RULES OF CIVIL PROCEDURE**, the Court sets a Fairness Hearing to be held January 20, 2011 at 2:00 p.m., in Courtroom 7, on the third floor, of the United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Missouri 62201, for the following purposes:

   a) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

   b) to determine whether the Consent Judgment as provided under the Settlement Agreement should be entered and a release provided to Defendant as provided for in the Settlement Agreement;

    c)    to determine whether $20,000 awarded to named Plaintiffs to cover class notification, attorneys fees, and a small award for the named Plaintiffs should be granted; and

    d)    to rule on such other matters as the Court may deem appropriate.

7. The Parties shall file their motion for final approval of the Settlement as well as their proposed Consent Judgment no later than 14 days before the Fairness Hearing. The Parties shall file any papers replying to objections or submissions from Class Members no later than 7 days before the Fairness Hearing.

8. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.

9. Given the extraordinary difficulty in identifying members of the class, due in part to the fact that some papers were placed on Defendants' website by persons other than the original authors, the Court approves the proposed notice to class members by publication only.[1] The Class shall be notified by publishing once in *The Chronicle of Higher Education* and twice in *The Wall Street Journal* (each act of publishing to be separated by a two-week gap), with a brief summary of the

---

[1] The Court finds that notification to potential class members by mail is impracticable, if not impossible, in this case as it is nearly impossible to determine who actually authored the papers as individuals could post papers pretending to be the authors.

settlement, and cross-reference to Defendants' Term Paper Websites, which will host continuously for four months a detailed summary of the settlement. The Court approves the form of the notices as provided in the Parties Second Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 149 ¶¶ 4 & 5).

10. The costs associated with notifying the Class by publication in *The Chronicle of Higher Education* and *The Wall Street Journal* shall be deducted from the $20,000 awarded to Plaintiffs.

11. At or before the Fairness Hearing, the Parties shall file proof that the Publication Notice was published in accordance with this Order.

12. The form and content of the Publication Notice meet the requirements of **Rule 23** of the **FEDERAL RULES OF CIVIL PROCEDURE** and due process with respect to giving the Class notice of this Action, the proposed Settlement, and Fairness Hearing, constitutes the best notice practicable and is reasonable under the particular circumstances of this Case, and shall constitute due and sufficient notice to all persons entitled thereto.

13. Should Defendants breach the Agreement, the Court finds that recovery of the $300,000 by class members is reasonable. Under the terms of the Agreement, class members can demonstrate entitlement to the judgment award and authorship of a paper hosted on Defendants' websites by providing proof in the form of a screen shot from the

website, an internet cache page, email correspondence, an affidavit, or another form of proof acceptable to the Court. Given that exact verification of entitlement is nearly impossible as the sites have been disbanded and many papers were published by persons other than the authors, the Court finds this method of verification reasonable.

14. Enforcement of the current Permanent Injunction previously Ordered by the Court (*See* Doc. 121) is **STAYED** pending the Court's decision at to whether the Settlement should be granted final approval.

15. In light of Settlement Agreement and the finding of Preliminary Approval, the Court **FINDS** Plaintiff's Motion for Order to Award Damages (Doc. 125) **MOOT**.

**IT IS SO ORDERED**.

Signed this 21st day of September, 2010.

/s/   *DavidRHerndon*
**Chief Judge**
**United States District Court**